UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID MARTIN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:23-cv-01343 |
| | ) |
| WM MIDDLE TENNESSEE | ) |
| ENVIRONMENTAL CENTER, LLC, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Joint Motion to Compel Individual Arbitration and to Dismiss Plaintiffs' Claims or Stay the Action Pending the Completion of Arbitration (Doc. No. 23). Through their motion and supporting memoranda, Defendants argue that all six Plaintiffs individually "executed an enforceable arbitration agreement at the inception of his or her employment with Defendant [Hire Quest, LLC,] which governs [Plaintiffs' claims under the Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304, and Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19] and require individual, as opposed to collective, arbitration." (Doc. No. 23-1 at 1). Plaintiffs argue that the identical arbitration agreements should be deemed unenforceable or invalid for myriad reasons. (See generally Doc. No. 27). Defendants have filed the relevant arbitration agreements, (Doc. No. 23-2), and the parties agree that they are governed by Tennessee law. (Doc. No. 23-1 at 15–16 (applying Tennessee contract law); see also Doc. No. 26 at 1–2 (same)).

As the Supreme Court has recognized, "parties may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability,' such as

whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." Henry Schein, Inc. v. Archer & White Sales, Inc., 586 U.S. 63, 68 (2019). "And when parties have agreed to arbitrate 'arbitrability,' a court may not disregard their agreement—even if a particular argument for arbitration seems to be 'wholly groundless.'" Blanton v. Domino's Pizza Franchising LLC, 962 F.3d 842, 844 (6th Cir. 2020) (quoting Henry Schein, 586 U.S. at 65–71). "Judicial review to determine whether the arbitrator 'exceeded [his or her] powers' is only available after arbitration." Manlove v. Volkswagen Aktiengesellschaft, No. 1:18-cv-145, 2019 WL 2291890, at *3 (E.D. Tenn. Jan. 11, 2019) (citing 9 U.S.C. § 10(a)(4); Henry Schein, 586 U.S. at 70). To determine whether the parties have agreed to arbitrate arbitrability, "there must be 'clear and unmistakable' evidence that the parties agreed to have an arbitrator decide such issues." Blanton, 962 F.3d at 844 (quoting First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995)).

The text of the relevant arbitration agreements provides that evidence. The first two paragraphs of each arbitration agreement state:

> The employee and the employer hereby expressly agree that any and all actions of any nature whatsoever that arise out of or relate in any way to the employment relationship between the parties or termination thereof must be submitted for binding resolution by a private and impartial arbitrator and shall not be commenced or brought in any court or law.
>
> **This agreement to arbitrate covers any dispute concerning the arbitrability** of any such controversy or claim and includes, but is not limited to, . . . claims for violations of any wage and hours laws; . . . and/or claims for violations of any federal, state or other governmental law statute, regulation or ordinance, and whether based on statute or common law.

(Doc. No. 23-2 at 1–6) (emphases added). Under Tennessee law, courts should interpret unambiguous language in contracts according to its plain meaning. Maggart v. Almany Realtors Inc., 259 S.W.3d 700, 704 (Tenn. 2008). These paragraphs unequivocally subject Plaintiffs' TPPA and FLSA claims to arbitration as they explicitly state that the arbitration agreements cover

disputes over the arbitrability of claims for violations of any state or federal laws and of any wage and hours laws. (Doc. No. 23-2 at 1–6). Plaintiffs do not suggest otherwise. (See generally Doc. No. 27). Were this language somehow insufficient, the agreements also incorporate the American Arbitration Association's rules, (id), which provide that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." Blanton, 962 F.3d at 845 (citation omitted). The Sixth Circuit has squarely held that the incorporation of the American Arbitration Association's rules alone provides the necessary clear and unmistakable evidence that the parties agreed to arbitrate arbitrability. Blanton, 962 F.3d at 846. As such, the Court must compel arbitration. Id. at 844. Plaintiffs' arguments that the arbitration agreements are unenforceable or invalid are for the arbitrator to address in the first instance. Manlove, No. 1:18-cv-145, 2019 WL 2291890, at *3.

This leaves only the question of whether to dismiss Plaintiffs' claims without prejudice or stay proceedings until the completion of arbitration. "Most district courts in this circuit agree that the best procedure for enforcing arbitration agreements is to dismiss the court action without prejudice." 5th of July, LLC v. Thomas, No. 3:19-cv-994, 2020 WL 5983111, at *5 (M.D. Tenn. Oct. 8, 2020) (citation omitted). Nevertheless, "[w]hether to stay or dismiss a case in which all claims have been referred to arbitration is a matter of discretion." Id. (citing Kelch v. Pyramid Hotel Grp., No. 1:18-cv-707, 2020 WL 489237, at *3 (S.D. Ohio Jan. 30, 2020); Hilton v. Midland Funding, LLC, 687 F. App'x 515, 519 (6th Cir. 2017)). Because the Federal Arbitration Act provides that a court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement," 9 U.S.C. § 3, and Plaintiffs have explicitly requested a stay, (Doc. No. 27 at 7), the Court will stay this case pending

arbitration, rather than requiring Plaintiffs refile the action should viable claims remain post-arbitration (or Plaintiffs' claims be determined nonarbitrable).

For the forgoing reasons, Defendants' Joint Motion to Compel Individual Arbitration and to Dismiss Plaintiffs' Claims or Stay the Action Pending the Completion of Arbitration (Doc. No. 23) is **GRANTED IN PART** and **DENIED IN PART**. Defendants' Motion is **GRANTED** insofar as it requests the Court compel arbitration and stay the action pending the completion of arbitration. The Motion is otherwise **DENIED**.

The Clerk shall administratively close this case subject to reopening after arbitration if necessary.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE